**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2172-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARK MARTIN,

    Defendant-Appellant.

_____

Submitted October 6, 2022 – Decided October 25, 2022

Before Judges Accurso and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 15-01-0031.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Jonathan I. Amira, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mark Martin appeals from the November 2, 2020 order dismissing his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On May 21, 2014, a Gloucester County grand jury returned an indictment against defendant charging him with third-degree cocaine possession, N.J.S.A. 2C:35-10(a)(1) (count one); third-degree heroin possession, N.J.S.A. 2C:35-10(a)(1) (count two); second-degree cocaine possession with the intent to distribute, N.J.S.A. 2C:35-5(b)(2) (count three); third-degree heroin possession with the intent to distribute, N.J.S.A. 2C:35-5(b)(3) (count four); second-degree distribution "and/or" possession with intent to distribute "heroin and/or cocaine" within a school zone, N.J.S.A. 2C:35-7 (count five); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (count six); second-degree possession of a firearm while committing a drug offense, N.J.S.A. 2C:39-4.1(a) (count seven); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count eight). The State dismissed count five prior to trial.[1]

---

[1] After count five was dismissed, counts six, seven, and eight were renumbered as counts five, six, and seven. However, the judgment of conviction and order for commitment do not reflect the renumbered counts.

Defendant was tried before a jury over eight nonsequential days from January 5 to 21, 2016, in a bifurcated trial. In the first trial, the jury found defendant guilty of third-degree cocaine possession and fourth-degree resisting arrest. He was acquitted of the other drug-related charges. The second phase of the trial on the second-degree certain persons not to have weapons charge was tried before the same jury on January 20 and 21, 2016. The jury found defendant guilty of this charge.

On April 22, 2016, the trial judge sentenced defendant to a five-year term of imprisonment with a two-and-a-half-year parole disqualifier on the cocaine possession charge; eighteen months on the resisting arrest charge; and a discretionary term of fifteen years subject to a parole disqualifier of seven-and-a-half years on the certain persons not to have weapons charge. This court affirmed defendant's conviction and sentence on direct appeal, State v. Martin, No. A-4395-15 (App. Div. June 27, 2018), and the Supreme Court denied his petition for certification, 236 N.J. 560 (2019).

On March 20, 2019, defendant filed a pro se PCR petition alleging his trial counsel was ineffective for not investigating and challenging the State's case on two credibility issues:

> (1) Detective Eric Lokaj's statement that he was familiar with defendant from "prior law enforcement

A-2172-20

experiences" but his counsel should have "discovered" he never was arrested or had any contact with Lokaj. Defendant asserts his trial counsel was ineffective for not investigating his prior contacts with the Woodbury police department; and

(2) trial counsel failed to challenge typographical errors in Detective Dean Henry's supplemental report. Specifically, defendant claims he asked his trial counsel to question typographical errors relative to the date of the raid and recovery of the revolver and the investigation number being cited two different ways—2014-00198-GGN and 2014-00023-GGN—on the same page.

Defendant was assigned PCR counsel, who filed an amended petition and supporting brief on May 1, 2020. On July 30, 2020, the PCR court conducted oral argument. On August 5, 2020, defendant filed a pro se letter brief arguing he was subject to double jeopardy because during the first phase of the trial, he was acquitted of the possession of a firearm while in the act of a controlled dangerous substance (CDS) offense. Therefore, defendant claims the certain persons offense should not have been tried before the same jury in the second phase of the trial.

On November 2, 2020, the PCR court concluded defendant failed to satisfy the two-prong standard established in Strickland v. Washington, 466 U.S. 668 (1984) relating to the performance of his trial counsel. The PCR court also found defendant's trial counsel's performance did not deprive him of a fair trial,

4

and defendant could not show he was prejudiced in any way by counsel's representation.

The court highlighted "trial counsel's decision not to discuss [defendant's] criminal history and contact with the Woodbury [p]olice [d]epartment and not to dwell on typographical errors constitute sound trial strategies." In addition, the court noted had defendant's arguments been raised in front of the jury, they "would [not] have damaged the credibility of [Lokaj or Henry] to such an extent that the jury would have decided differently." Lokaj's observation of defendant was corroborated by Henry's testimony that he saw defendant "run from the front of the residence throughout the home out the back door." And, the residence included mail for defendant's address, including utility bills. Defendant's request for an evidentiary hearing was denied because the court found his claims were "speculative." A memorializing order was entered.

Defendant appeals, reprising his arguments about the ineffectiveness of trial counsel in the following three points:

> POINT I
>
> [DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE.

A.    TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO INVESTIGATE THE CONTACT BETWEEN [DEFENDANT] AND LAW ENFORCEMENT.

B.    TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO CHALLENGE THE ERRORS MADE IN [THE] GLOUCESTER COUNTY PROSECUTOR'S SUPPLEMENTAL REPORT.

POINT II

THE LOWER COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

POINT III

THE MATTER SHOULD BE REMANDED FOR CONSIDERATION OF THE ARGUMENTS NOT ADDRESSED BY THE LOWER COURT.    (Not previously raised).

II.

We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland, 466 U.S. at 667, and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).  First, defendant must demonstrate that defense counsel's performance was deficient.  Strickland, 466 U.S. at 687.  Second, a defendant must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

A-2172-20

Id. at 694. Defendant's unsupported, self-serving allegations are not sufficient to satisfy this standard. We will uphold a PCR court's factual findings "that are supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013).

The mere raising of a claim of ineffective assistance of counsel does not entitle the defendant to an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary hearing is necessary only if a petitioner presented sufficient facts to make out a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462-63 (1992); R. 3:22-10(b). We apply an abuse of discretion standard to the trial court's decision regarding an evidentiary PCR hearing. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

Here, defendant claims his trial counsel was ineffective for not investigating all of his prior contacts with the Woodbury police department and for failing to address typographical errors in Henry's supplemental report regarding the date of the raid, recovery of the revolver, as well as conflicting information—a wrong date and a three-digit discrepancy in the investigation number—on one of the pages. Defendant's argument lacks merit.

As the PCR court correctly determined under the first Strickland prong, trial counsel is provided deference relative to "reasonable professional assistance and trial strategy." Here, trial counsel's decision not to raise defendant's prior extensive criminal history with the Woodbury police department was an "exercise of judgment" insufficient to warrant overturning his conviction. Nash, 212 N.J. at 542 (quoting State v. Echols, 199 N.J. 344, 358 (2009)). Moreover, defense counsel explained in his opening statement to the jury that defendant left his residence at the time he was to be arrested because he had outstanding traffic warrants. We are satisfied under the second Strickland prong that the purported error committed was not "so serious as to undermine the court's confidence in the jury's verdict or the result reached." State v. Allegro, 193 N.J. 352, 367 (2008) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)).

Defendant's contention that his trial counsel's failure to address typographical errors in Henry's supplemental report is also devoid of merit and does not constitute harmful error. Henry's five-page supplemental report states the .32 revolver was recovered on February 26, 2014, but the indictment indicates the date of the raid and recovery of the revolver was May 21, 2014. And, the supplemental report cites two different investigation numbers on the

same page—2014-00198-GGN and 2014-00023-GGN. While the two different numbers appear to be an error, we discern no basis to conclude trial counsel was inadequate for not making an issue of it at trial. "As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'" Castagna, 187 N.J. at 315 (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)).

Even assuming counsel erred in not pressing the typographical error in the supplemental report, defendant has not shown the error denied him a fair trial particularly in light of the overwhelming evidence of his guilt. A PCR petition "must do more than make bald assertions" and "assert the facts" upon which the claims are based. Cummings, 321 N.J. Super. at 170.

## III.

In his final point, defendant asserts the matter should be remanded because the PCR court did not address his arguments regarding double jeopardy and inconsistent verdicts contained in his pro se supplemental PCR letter brief. According to defendant, the second trial was "based on the same facts" as the first trial and "[t]he State didn't have the right to try [him] a second time based on the gun." In essence, defendant avers the "not guilty" verdict reached in the

first trial on count six, possession of a firearm while committing a drug offense, should have barred the second trial. Again, we are unpersuaded. In a footnote to the PCR court's opinion, the court declined to address defendant's argument because we dealt with this issue in our June 27, 2018 opinion.

There, we held:

> We agree with Judge Kevin T. Smith who rejected defendant's argument after the first trial that the certain persons trial was barred by double jeopardy.
>
> . . . .
>
> We do not countenance defendant's contention that his first trial was a 'dry run' on defendant's connection to the items in the bedroom. The bifurcated certain persons trial was mandated to protect defendant; '[s]everance is customary and presumably automatic where it is requested because of the clear tendency of the proof of the felony conviction to prejudice trial of the separate charge of unlawful possession of a weapon.'
>
> Moreover, defendant did not meet his burden of proving that the possession of the weapon issue was decided at the first trial, thereby barring the successive prosecution of the certain persons offense. The not guilty verdict on the guns and drugs charge need not have rested on the jury's finding that defendant did not possess the firearm found in the bedroom. The State was required to prove: (1) there was a firearm; (2) defendant possessed the firearm; and (3) at the time alleged in the indictment, defendant was in the course of committing, attempting to commit or conspiring to commit possession with intent to distribute CDS.

Contrary to defendant's argument that the only interpretation of the jury verdict was that defendant possessed neither the CDS or firearm, the acquittal could very well have been based on a finding that defendant did not attempt, conspire to or commit the possession of CDS with intent to distribute—a charge of which defendant was also acquitted.

In addressing defendant's double jeopardy and inconsistent verdicts argument, we underscored:

> This was an unusual case where the State did not charge defendant with unlawful possession of a weapon under N.J.S.A. 2C:39-5(b). An acquittal by the jury on that charge at the first trial would have established that issue thereby barring the certain persons trial. [Since defendant—a convicted felon—could not obtain a permit, a not guilty verdict would mean the jury found he did not possess a handgun.] Defendant's theory that the acquittal on the guns and drugs charge resolved both the drugs and firearms possession issues is the result of speculation in which our Supreme Court declined to engage. As the [State v. Kelly, 201 N.J. 471, 491 (2010)] Court observed, 'divining whether the jury decided an ultimate issue by a verdict of acquittal will seldom be possible.' Inasmuch as the firearms possession element was not established by the jury's first verdict, the State was not collaterally estopped from prosecuting the certain persons charge.
>
> [Martin, No. A-4395 (slip op. at 4-7) (citations omitted).]

Therefore, defendant's claims of double jeopardy and inconsistent verdicts are precluded by way of PCR because we addressed these issues on his direct

11

appeal and there is no need to remand to the PCR court.  See R. 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings.")

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2172-20